NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 12 2024**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WALTER OSVALDO SANTOS-GARCIA,

Defendant - Appellant.

No. 23-1580

D.C. No.
3:19-mj-23357-BGS-BTM

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted September 10, 2024**
Pasadena, California

Before: IKUTA and FRIEDLAND, Circuit Judges, and HSU, District Judge.***

Walter Santos-Garcia appeals his conviction and sentence for attempted

illegal entry. 8 U.S.C. § 1325(a)(1). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Wesley L. Hsu, United States District Judge for the
Central District of California, sitting by designation.

Santos-Garcia first challenges the admission at trial of the photograph of Santos-Garcia initialed by one of the testifying agents. United States Border Patrol agent, Anthony Kern, arrested two men for attempted illegal entry. That same day, Kern was shown a report that contained a page with photographs of two men, both of which Kern initialed, as well as a sentence that says, "I, BPA Kern have placed my initials next to the photographs of the subjects below. My initials indicate that these are the individuals I arrested on August 13, 2019." At trial, the magistrate judge admitted into evidence, over defense counsel's hearsay objection, the one-page excerpt of the police report with the photographs, Kern's initials, and the sentence regarding the initials' significance. The magistrate judge underscored that he was "not considering the contents of the report," but he was "considering [Kern's] testimony regarding that photo and his initials."

The photograph itself was not hearsay. *United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1109 (9th Cir. 2015). We need not decide whether the sentence accompanying the photograph and initials was hearsay, because its admission was harmless given that the magistrate judge underscored that he was "not considering the contents of the report" and Kern himself testified during trial that his initials "indicate[d] those are the two people . . . arrested on the day in question."[1] The

---

[1] Because of our reasoning herein, we need not reach the government's alternative argument that the photograph and initials are also admissible under Federal Rule of Evidence 801(d)(1)(C).

magistrate judge accordingly did not and need not rely on that sentence's representation that the initials signified his identification of Santos-Garcia.[2]

The admission of the photograph and Kern's initials also did not constitute plain error[3] under the Confrontation Clause because "[a]ll the Confrontation Clause requires is the ability to cross-examine the witness about his faulty recollections." *United States v. Romo-Chavez*, 681 F.3d 955, 961 (9th Cir. 2012) (citing *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004)). Santos-Garcia had the opportunity to cross-examine Kern here about his initials on the photographs. *See United States v. Owens*, 484 U.S. 554, 560 (1988) (holding that a witness's lack of memory does not violate the Confrontation Clause).

Finally, the evidence presented at the bench trial was sufficient to convict Santos-Garcia of attempted illegal entry.[4] *United States v. Aldana*, 878 F.3d 877,

---

[2] The magistrate judge was also within his discretion to refer to the photographs of the arrested individuals in the record, compare them to Santos-Garcia in the courtroom, and identify Santos-Garcia himself, as the trier of fact during the bench trial. *United States v. May*, 622 F.2d 1000, 1007 n.12 (9th Cir. 1980).

[3] Santos-Garcia argues that the Confrontation Clause claim should be reviewed *de novo*. Plain error review applies to the Confrontation Clause challenge, however, because Santos-Garcia's counsel objected to the admission of the initialed photograph only on hearsay grounds. *See United States v. Anekwu*, 695 F.3d 967, 973 (9th Cir. 2012); *see also United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990) ("[A] party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection, . . . but also by making the *wrong* specific objection.").

[4] The magistrate judge did not consider post-*Miranda* statements made by Santos-Garcia to a third agent, whose testimony the government withdrew. Our holding

880 (9th Cir. 2017);[5] 8 U.S.C. § 1325(a)(1). Another agent, James Thompson, was patrolling an area "right on the" United States-Mexico border in a vehicle, about five miles from the nearest designated port of entry. Thompson's vehicle had a device called a "drag" attached to it, which "has either tires on the back or brush" that, when pulled down the road, "clear[s] any kind of debris or any footprints[.]" Every hour starting at 1:00 p.m., Thompson swept the border area. At approximately 3:00 p.m., Thompson testified, he noticed "footprints coming from the border fence going north." He followed the prints for "about . . . 200 yards" before stopping and advising other agents to the north of him of the two sets of footprints via radio, about which he said, "[O]ne was dimples and one was vertical lines with X's."[6]

Kern heard Thompson's description of the footprints. Kern checked an area north of the reported footprints, "a big wash [that] runs north-south." The area contains "mostly cattle." He encountered a set of footprints like the ones Thompson described about "one half mile north of the international border." He followed the prints for about 40 or 50 yards in a north or northwest direction and,

---

that the evidence is sufficient refers only to the pre-*Miranda* evidence the magistrate judge considered at trial.

[5] We need not resolve the parties' dispute regarding whether de novo or clear error review applies to the corpus delicti argument because the result is the same under either standard.

[6] During trial, defense counsel did not clarify what Thompson meant by "dimples."

at approximately 4:18 p.m., came across "two people laying in a big large bush on the ground." Kern identified himself as a border patrol agent and instructed the two individuals to "stay put." He approached and asked the men for their citizenship, and whether they had documents authorizing their entry or presence in the United States. The individuals told Kern that "they were born in Mexico, Mexican citizens, and no, they didn't have any . . . immigration documents." Taking the evidence in the light most favorable to the government, *see United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc), a rational trier of fact could infer, from Santos-Garcia's admission to Kern that he was a citizen of Mexico and the trail of footprints with distinct markings leading directly from the border fence, that Santos-Garcia was an alien. Also, relying on this same evidence, a rational trier of fact could infer that Santos-Garcia had the specific intent to "enter the United States at a time or place other than as designated by immigration officers," had the specific intent to enter "free from official restraint," and took a substantial step toward committing the crime. *United States v. Rizo-Rizo*, 16 F.4th 1292, 1295 & n.1 (9th Cir. 2021) (citation omitted); *see also United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) (en banc).

**AFFIRMED**.